**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTOPHER MENDOZA, an individual, on behalf of himself and all other persons similarly situated, *Plaintiff-Appellant*, | No. 12-57130 |
| MEAGAN GORDON, *Plaintiff-Intervenor*, | D.C. No. 8:10-cv-00109-CJC-MLG |
| v. | |
| NORDSTROM, INC., a Washington Corporation authorized to do business in the State of California, *Defendant-Appellee*. | |

| | |
|---|---|
| CHRISTOPHER MENDOZA, an individual, on behalf of himself and all other persons similarly situated, *Plaintiff*, <br><br> and <br><br> MEAGAN GORDON, *Plaintiff/Intervenor-Appellant*, <br><br> v. <br><br> NORDSTROM, INC., a Washington Corporation authorized to do business in the State of California, *Defendant-Appellee*. | No. 12-57144 <br><br> D.C. No. 8:10-cv-00109-CJC-MLG <br><br> ORDER CERTIFYING QUESTIONS TO THE SUPREME COURT OF CALIFORNIA |

Filed February 19, 2015

Before:  Susan P. Graber, Ronald M. Gould,
and Consuelo M. Callahan, Circuit Judges.

Order

# SUMMARY*

## Certification to California Supreme Court

The panel certified three questions to the Supreme Court of California:

(A) California Labor Code section 551 provides that "[e]very person employed in any occupation of labor is entitled to one day's rest therefrom in seven." Is the required day of rest calculated by the workweek, or is it calculated on a rolling basis for any consecutive seven-day period?

(B) California Labor Code section 556 exempts employers from providing such a day of rest "when the total hours of employment do not exceed 30 hours in any week *or six hours in any one day thereof*." (Emphasis added.) Does that exemption apply when an employee works less than six hours in *any one* day of the applicable week, or does it apply only when an employee works less than six hours in *each* day of the week?

(C) California Labor Code section 552 provides that an employer may not "cause his employees to work more than six days in seven." What does it mean for an employer to "cause" an employee to work more than six days in seven: force, coerce, pressure, schedule, encourage, reward, permit, or something else?

---

* This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

André E. Jardini (argued) and K.L. Myles, Knapp, Petersen & Clarke, Glendale, California, for Plaintiff-Appellant.

R. Craig Clark (argued), James M. Treglio, and Laura M. Cotter, Clark & Treglio,, San Diego, California; David Roger Markham, The Markham Law Firm, San Diego, California, for Plaintiff/Intervenor-Appellant.

Julie A. Dunne (argued), Dawn Fonseca, Lara K. Strauss, Michael G. Leggieri, and Joshua D. Levine, Littler Mendelson, P.C., San Diego, California, for Defendant-Appellee.

**ORDER**

GRABER, Circuit Judge:

We respectfully ask the Supreme Court of California to exercise its discretion to decide the three certified questions set forth in Part II of this Order, below. *See* Cal. R. Ct. 8.548. The answers to these questions of California law would be dispositive of the appeal before us, and no clear controlling California precedent exists. *Id.* Moreover, because the questions that we certify are of extreme importance to tens of thousands of employees in California, considerations of comity and federalism suggest that the court of last resort in California, rather than our court, should have the opportunity to answer the questions in the first instance. *See Kilby v. CVS Pharmacy, Inc.*, 739 F.3d 1192, 1196–97 (9th Cir. 2013); *Klein v. United States*, 537 F.3d 1027, 1028 (9th Cir. 2008).

## I.  Administrative Information

We provide the following information in accordance with California Rule of Court 8.548(b)(1):

The consolidated caption for these cases is:

CHRISTOPHER MENDOZA, an individual, on behalf of himself and all other persons similarly situated, Plaintiff-Appellant,

MEAGAN GORDON, Plaintiff-Intervenor /Appellant,

v.

NORDSTROM, INC., a Washington Corporation authorized to do business in the State of California, Defendant-Appellee,

and the case numbers in our court are 12-57130 and 12-57144.

The names and addresses of counsel are:

*For Plaintiff-Appellant Mendoza*:  André Emilio Jardini, K.L. Myles, Knapp, Petersen & Clarke, Glendale, California.

*For Plaintiff /Intervenor-Appellant Gordon*:  R. Craig Clark, Clark & Treglio, San Diego, California; David Roger Markham, The Markham Law Firm, San Diego, California.

*For Defendant-Appellee Nordstrom, Inc.*:  Julie A. Dunne, Dawn Fonseca, Michael G. Leggieri, Joshua D. Levine, Littler Mendelson, P.C., San Diego, California.

As required by Rule 8.548(b)(1), we designate Christopher Mendoza and Meagan Gordon as the petitioners, if our request for certification is granted. They are the appellants before our court.

## II. Certified Questions

We certify to the California Supreme Court the following three questions of state law that are now before us:

(A) California Labor Code section 551 provides that "[e]very person employed in any occupation of labor is entitled to one day's rest therefrom in seven." Is the required day of rest calculated by the workweek, or is it calculated on a rolling basis for any consecutive seven-day period?

(B) California Labor Code section 556 exempts employers from providing such a day of rest "when the total hours of employment do not exceed 30 hours in any week *or six hours in any one day thereof*." (Emphasis added.) Does that exemption apply when an employee works less than six hours in *any one* day of the applicable week, or does it apply only when an employee works less than six hours in *each* day of the week?

(C) California Labor Code section 552 provides that an employer may not "cause his employees to work more than six days in seven." What does it mean for an employer to "cause" an employee to work more than six days in seven: force, coerce, pressure, schedule, encourage, reward, permit, or something else?

Our phrasing of the questions should not restrict the California Supreme Court's consideration of the issues

involved; that court may reformulate the questions. Cal. R. Ct. 8.548(f)(5).

We agree to accept and to follow the decision of the California Supreme Court. Cal. R. Ct. 8.548(b)(2). *See also Klein*, 537 F.3d at 1029 (holding, with respect to a certified question, that the Ninth Circuit is bound by the California Supreme Court's interpretation of California law).

### III.  Statement of Facts

Christopher Mendoza and Meagan Gordon are former employees of Nordstrom, Inc., in California.  Nordstrom is a retail department store that operates in many locations throughout the state of California, employing more than 11,000 people statewide.  Mendoza worked for Nordstrom from March 2007 to August 2009, first as a barista and later as a sales representative in one of Nordstrom's San Diego locations.  Gordon worked in the fitting room at one of Nordstrom's "Rack" locations from July 2010 to February 2011.

While employed at Nordstrom, Mendoza worked more than six consecutive days on three occasions:  (1) between January 26 and February 5, 2009, he worked 11 consecutive days, on two of which he worked less than six hours; (2) between March 23 and 29, 2009, he worked seven consecutive days, on three of which he worked less than six hours; and (3) between March 31 and April 7, 2009, Mendoza worked eight consecutive days, on five of which he worked less than six hours.  On each of those occasions, Mendoza was not originally scheduled to work more than six consecutive days, but he did so after being asked by either his supervisor or a co-worker to fill in for another employee.

Gordon worked more than six consecutive days on one occasion, from January 14 to 21, 2011. On two of those days, Gordon worked less than six hours.

Mendoza sued Nordstrom, alleging that it had violated California Labor Code sections 551 and 552 by failing to provide him with one day's rest in seven on three occasions. He brought the action in California state court; Nordstrom removed to federal court. Mendoza also pleaded other claims that are not at issue in the present appeal. He filed his complaint on behalf of a class of similarly situated hourly, non-exempt Nordstrom employees in California, and he brought the relevant claim pursuant to the California's Labor Code Private Attorneys General Act of 2004. *See* Cal. Lab. Code §§ 2698–2699.5. Gordon's complaint in intervention alleged the same causes of action as those in Mendoza's complaint.

With respect to the day-of-rest claims, the district court held a bench trial. The district court then ruled: (1) the day-of-rest statute, California Labor Code section 551, applies on a rolling basis to any consecutive seven-day period, rather than by the workweek; (2) but California Labor Code section 556 exempts Nordstrom from that requirement, because each plaintiff worked less than six hours on at least *one* day in the consecutive seven days of work; and (3) even if the exemption did not apply, Nordstrom did not "cause" Mendoza or Gordon to work more than seven consecutive days, within the meaning of California Labor Code section 552, because there was no coercion; Plaintiffs waived their rights under California Labor Code section 551 by accepting additional shifts when they were offered. The court dismissed the action; a timely appeal to this court followed,

raising the certified questions of law described in Part II, above.

## IV.  Explanation of Certification

As noted, no controlling California precedent answers any of the certified questions of statutory interpretation.  We recognize that, under California law, statutory interpretation begins with the text.  *People v. Scott*, 324 P.3d 827, 829 (Cal. 2014).  But the text of the applicable statutes is ambiguous; we are aware of no pertinent legislative history; and the answer to the certified questions is not obvious, for the reasons given below.

### A.  *Day of Rest*

California Labor Code section 551 provides that "[e]very person employed in any occupation of labor is entitled to one day's rest therefrom in seven."  Section 552 safeguards that statutory entitlement by providing that "[n]o employer of labor shall cause his employees to work more than six days in seven."

Consider the following example.  An employer whose workweek (like Nordstrom's) begins each Sunday schedules a full-time employee to work as follows:

| Sunday | Monday | Tuesday | Wednesday | Thursday | Friday | Saturday |
|--------|--------|---------|-----------|----------|--------|----------|
| OFF | WORK | WORK | WORK | WORK | WORK | WORK |
| WORK | WORK | WORK | WORK | WORK | WORK | OFF |

If the statutes apply to any consecutive seven days, the employer has violated them.  If, on the other hand, the

statutes apply to each workweek, the employer has not violated them.[1]

Each interpretation finds some support in the ambiguous text and in policy considerations.

On the one hand, neither section 551 nor section 552 uses the word "workweek" to suggest a measuring period. Yet the term "workweek" is used in surrounding provisions of the Labor Code—such as section 510 (requiring overtime pay), section 511 (permitting alternative workweeks), section 513 (governing makeup work time), and section 556 (setting forth an exemption from sections 551 and 552)—demonstrating that the legislature could have used the workweek concept had it intended to do so. We may not insert a term that the California legislature chose to omit. *See* Cal. Civ. Proc. Code § 1858 ("In the construction of a statute . . . , the office of the Judge is . . . not to insert what has been omitted, or to omit what has been inserted . . . ."). Moreover, the purpose of the law plainly is to avoid overworking employees by providing a regular day of rest in most circumstances. Allowing 12 consecutive days of work every two weeks could run counter to that purpose.

On the other hand, section 510(a), pertaining to overtime, provides in part that "any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee." That wording hints both that the concept of working a seventh day encompasses the concept of the

---

[1] Given the facts alleged by Mendoza, the answer to this question will determine whether Nordstrom did or did not violate these provisions on some occasions.

workweek, and that the prohibition on working seven days is not absolute.  In addition, Wage Order No. 7 provides:

> The provisions of Labor Code Sections 551 and 552 regarding one (1) day's rest in seven (7) shall not be construed to prevent an accumulation of days of rest [in circumstances not applicable here]; provided, however, that in each calendar month, the employee shall receive the equivalent of one (1) day's rest in seven (7).

Cal. Code Regs. tit. 8, § 11070(3)(H).  The Wage Order also states that "[a]n employee may be employed *on seven (7) workdays in one workweek* when the total hours of employment *during such workweek* do not exceed 30 and the total hours of employment in any one workday *thereof* do not exceed six (6)."  *Id.* § 11070(3)(F) (emphasis added).  The Wage Order is "to be accorded the same dignity" as a statute and is "presumptively valid." *Brinker Rest. Corp. v. Superior Court*, 273 P.3d 513, 527–28 (Cal. 2012).  The phrasing of the Wage Order suggests obliquely—but by no means directly—that sections 551 and 552 apply to a "workweek" and that the overarching purpose of the law can be met when an employee receives four days off per month.

We find both interpretations plausible.  We have found no legislative history that bears on this question, which affects nearly all California employers.  Nor have we found any California appellate case that answers it.

## B. *Exemption*

California Labor Code section 556 exempts an employer from the day-of-rest requirement "when the total hours [worked by an employee] do not exceed 30 hours in any week or six hours in any one day thereof." Grammatically, the second half of that formulation is ambiguous. Consider this example; an employee must work for seven consecutive days in one single workweek, as follows: 8 hours, 9 hours, 5 hours, 8 hours, 8 hours, 8 hours, and 9 hours. Has the employer violated the statute?[2]

On the one hand, the more natural reading of the words is that an employer need not provide a day of rest if an employee works less than six hours in "any" single day of the applicable week. The district court adopted that reading by emphasizing the word "any," which very often means "one." ("Pick any card from the deck.")

On the other hand, "any" can mean "each" or "all": "any child knows the answer to that simple question." The purpose of the statute is to exempt an employer from providing a day of rest only with respect to part-time employees. For example, citing section 556, Witkin refers to "part-time employees" as employees "whose work hours [do] not exceed 6 hours per day or 30 hours per week." 3 B.E.

---

[2] The answer to this question governs a portion of the outcome here, for two reasons. First, both Mendoza and Gordon worked less than six hours in at least one day of the seven-day period (however defined), but neither worked less than six hours in all seven days of the applicable period (however defined). Second, the evidence in the record suggests that some hourly, non-exempt employees worked more than 14 consecutive days; as to some of them, the answer to this question may dispose of the day-of-rest claim.

Witkin, Summary of California Law, Agency and Employment § 361(2), at 456 (10th ed. 2005); *see also* Cal. Dep't of Industrial Relations, Div. of Labor Standards Enforcement, Understanding AB 60: An In Depth Look at the Provisions of the "Eight Hour Day Restoration and Workplace Flexibility Act of 1999" (Dec. 23. 1999), *available at* https://www.dir.ca.gov/dlse/AB60update.htm (referring to employees whose "total hours of employment do not exceed . . . six hours in any one day of th[e] week" as working "a part-time schedule").

Once again, we find both interpretations plausible, have discovered no useful legislative history, and have unearthed no California appellate case to guide us. And once again, the obligations of thousands of California employers, and the rights of tens of thousands of California workers, are at stake.

C.  *"Cause" to Work*

Under section 552, Nordstrom may not "cause" its employees to work more than six days in seven. That provision dates back to 1893, when it was enacted as part of the California Penal Code. *See* 1893 Cal. Stat. 54, § 301(1); Cal. Penal Code § 301(1), at 1044 (Deering 1893). But the legislative history sheds no light on the precise meaning of "cause" in this context.[3]

In *Brinker*, a putative class of hourly restaurant employees sued Brinker Restaurant Corporation, alleging that

---

[3] The answer to this question may determine the outcome of Plaintiffs' claims because, depending on the definition of "cause," the employer may or may not have "cause[d]" them to work more than the requisite number of days.

Brinker had failed to provide its employees with the meal and rest breaks required under California state law. 273 P.3d at 521. The question for decision was whether an implicit waiver, as distinct from a mutual written waiver, was effective to relieve the employer of liability for failure to provide such a break. The California Supreme Court held that an employer must relieve the employee of all duty during the requisite break, but that the employer has no duty to ensure that the employee does not in fact choose to continue to work during that time. *Id.* at 537–38.

The district court relied on *Brinker* to conclude that, so long as an employee is not *compelled* to work in violation of the day-of-rest statute, the employer has not violated the statute. We are not persuaded that *Brinker* provides guidance here.

The statutory text is different. California Labor Code section 512(a) prohibits an employer from employing someone for more than five hours per day "without providing" a meal period, for example. The verb to "provide" generally means to "supply." *Webster's Third New International Dictionary* 1827 (unabridged ed. 1961) (noting that "PROVIDE and SUPPLY are often interchangeable"). The employer had only to "supply" a break, not also to ensure that each employee used what was supplied. By contrast, the question here is what act on the part of an employer counts as "causing" an employee to work more than the day-of-rest statutes allow. To "cause" can mean to "induce," *see id.* at 356, so is it enough for an employer to encourage or reward an employee who agrees to work additional consecutive days? In another context, causation is defined in terms of the "natural and probable consequence" of one's action. *People v. Roberts*, 826 P.2d 274, 300 (Cal. 1992). Is it enough for an

employer to permit employees to trade shifts voluntarily, when a natural and probable consequence may be that an employee works more than the day-of-rest statutes allow? *Brinker* does not suggest an answer. *Cf.* Cal. Lab. Code § 513 (prohibiting an employer from "encouraging or otherwise soliciting" a request for makeup work time).

In addition to the linguistic distinctions found in the relevant statutes, there are practical distinctions between meal and rest breaks and days of work. An employer knows that an employee is working on a particular day. But an employer may or may not know, and may even have no way to know, whether a particular employee chooses to keep working through a lunch break or rest break.

As is the case with the other questions, the statutory text is unclear. California employers and employees need to know what the statute means. No legislative history or appellate decision clarifies the issue.

D. *Summary*

As we read California law, we are uncertain whether the district court correctly or incorrectly interpreted the relevant statutes. The consequences of any interpretation of the day-of-rest statutes will have profound legal, economic, and practical consequences for employers and employees throughout the state of California and will govern the outcome of many disputes in both state and federal courts in the Ninth Circuit. We therefore submit that these questions are worthy of decision by the California Supreme Court. Because the outcome of this case depends on the answers, we also submit that this case presents a suitable vehicle for the

California Supreme Court to address these questions.  Cal. R. Ct. 8.548(a).

## V.  Accompanying Materials

The clerk of this court is hereby directed to file in the California Supreme Court, under official seal of the United States Court of Appeals for the Ninth Circuit, copies of all relevant briefs and excerpts of the record, and an original and ten copies of this order and request for certification, along with a certification of service on the parties, pursuant to California Rule of Court 8.548(c), (d).

This case is withdrawn from submission.  Further proceedings before us are stayed pending final action by the California Supreme Court.  The parties shall notify the clerk of this court within seven days after the California Supreme Court accepts or rejects certification, and again within seven days if that court renders an opinion.  The panel retains jurisdiction over further proceedings.

**IT IS SO ORDERED.**