**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

SANDI RUSH,

*Plaintiff-Appellant*,

v.

SPORT CHALET, INC., DBA Sport Chalet No. 0038; FOOTHILL RANCH, LLC,

*Defendants-Appellees*.

No. 12-57253

D.C. No.
2:12-cv-04139-
ODW-DTB

OPINION

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Argued and Submitted
February 4, 2015—Pasadena, California

Filed March 3, 2015

Before: Stephen Reinhardt and Ronald M. Gould, Circuit
Judges, and J. Frederick Motz, Senior District Judge.[*]

Opinion by Judge Motz

---

[*] The Honorable J. Frederick Motz, Senior District Judge for the U.S. District Court for the District of Maryland, sitting by designation.

## SUMMARY[**]

### Joinder

The panel reversed the district court's order dismissing three defendants after holding that they were improperly joined in an action under the Americans with Disabilities Act.

The panel held that, as originally filed, two defendants were properly joined under Federal Rule of Civil Procedure 20(a)(2) because they shared the common transaction or occurrence of a landlord-tenant relationship. The plaintiff settled with the tenant, but the plaintiff retained viable claims against the landlord. Accordingly, the panel reversed the district court's dismissal of the landlord defendant.

The panel held that the district court abused its discretion by dismissing rather than severing the plaintiff's complaint against two other defendants without evaluating the prejudice to the plaintiff. Following other circuits, the panel held that district courts that dismiss rather than sever must conduct a prejudice analysis, including loss of otherwise timely claims if new suits are blocked by statutes of limitations.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Scottlynn J. Hubbard, IV (argued), Law Offices of Lynn Hubbard, Chico, California; Anthony M. Bettencourt (argued), Disabled Advocacy Group, Chico, California, for Plaintiff-Appellant.

Henry A. Platt and Robert L. Duston, Saul Ewing LLP, Washington, D.C., for Defendant-Appellee Foothill Ranch.

---

**OPINION**

MOTZ, Senior District Judge:

Plaintiff Sandi Rush appeals the district court's *sua sponte* order that dismissed Defendants Petsmart, Inc.; Sport Chalet, Inc.; and Foothill Ranch, LLC (collectively "defendants") after holding that they were improperly joined. We reverse the district court's legal conclusion under Rule 20 as to Foothill Ranch. We also vacate its decision to dismiss rather than sever the retail defendants and remand with instructions.

I.

Rush is wheelchair-bound and "physically disabled" under applicable federal and California law. She alleges she encountered physical barriers that interfered with her access at three retail stores located in a shopping mall at 26532 Towne Center Drive in Foothill Ranch, CA ("Towne Center"). Although not pleaded, the district court below found that defendant Foothill Ranch is "likely the landlord . . . and has a landlord-tenant relationship with each of the other Defendants." The barriers complained of by Rush

include various obstructions in each of the retailers' restrooms, and also inside the dressing room at Sport Chalet.

Rush filed her complaint on May 14, 2012.  After settling her claims with Babies "R" Us, Rush filed a notice of dismissal under Rule 41(a)(1) on October 3, 2012 as to that defendant only.  Six days later, on October 9, the district court below *sua sponte* issued an order that held "the various Defendants are improperly joined" because Rush's complaint did not allege that her injuries arose "out of the same transaction, occurrence, or series of transactions or occurrences."  Pursuant to its discretion under Rule 21, the court severed and dismissed Rush's claims against Petsmart, Sport Chalet, and Foothill Ranch without prejudice.  The district court denied Rush's motion for reconsideration, and Rush filed this timely appeal.[1]

## II.

We review *de novo* the district court's holding that the co-defendants were improperly joined under Rule 20(a)(2).  *See, e.g.*, *EEOC v. Peabody Western Coal Co.*, 610 F.3d 1070, 1076 (9th Cir. 2010).  We review the district court's decision to sever and dismiss the co-defendants under Rule 21 for abuse of discretion.  *See id.*

## III.

As originally filed, Foothill Ranch and Babies "R" Us were properly joined under Rule 20(a)(2).  Permissive joinder

---

[1] Rush's appeal is unopposed.  Only Foothill Ranch filed a brief for the limited purpose of contesting various factual allegations made by Rush. Foothill Ranch took no formal position on the legal issues in the case.

is appropriate if a plaintiff's "right to relief is asserted against [the defendants] . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and also if there is a "question of law or fact common to" the defendants. Fed. R. Civ. P. 20(a)(2). Here, the common transaction or occurrence as to Foothill Ranch and Babies "R" Us is their landlord-tenant relationship. *See Botosan v. Paul McNally Realty*, 216 F.3d 827, 834 (9th Cir. 2000) ("[T]he landlord is a necessary party in an ADA action, regardless of what the lease provides."). The *Botosan* court established that a landlord and tenant are jointly liable for ADA violations in the tenant's establishment regardless of any contractual provisions that shift liability. Either co-defendant is free to seek indemnification from the other, but that does not affect an ADA plaintiff's right to recovery. *Id.*

Here, Foothill Ranch would be liable for any unlawful barriers and obstructions encountered by Rush at Babies "R" Us, and the facts and applicable law are common to both defendants. Accordingly, Foothill Ranch and Babies "R" Us were properly joined under Rule 20. Moreover, after Rush settled with Babies "R" Us, she retained viable claims against Foothill Ranch. We reverse, therefore, the district court's dismissal of Foothill Ranch because it was properly joined under Rule 20.

IV.

As for Sport Chalet and Petsmart, the district court may have been correct in holding that they were misjoined. Rush's injuries at each are distinct and independent from one another, and she has not alleged any legal relationship between them. The district court abused its discretion, however, by dismissing rather than severing Rush's

complaint against Sport Chalet and Petsmart without evaluating the prejudice to Rush.  Many of our fellow circuits have held that district courts who dismiss rather than sever must conduct a prejudice analysis, including "loss of otherwise timely claims if new suits are blocked by statutes of limitations."  *DirecTV, Inc. v. Leto*, 467 F.3d 842, 846–47 (3d Cir. 2006); *see also Elmore v. Henderson*, 227 F.3d 1009, 1011–13 (7th Cir. 2000) ("The judge could and should have allowed [plaintiff's] claims against [a co-defendant] to continue as a separate suit so that it would not be time-barred.").  We adopt that rule as well.  Here, because the district court below conducted no such analysis, we vacate and remand.  The judge should reevaluate whether allowing two severed complaints to remain against Sport Chalet and Petsmart, each with Foothill Ranch as a named co-defendant, is necessary to avoid prejudice to Rush.

**REVERSED and REMANDED with instructions.**