**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

CHRISTOPHER MENDOZA, an individual, on behalf of himself and all other persons similarly situated,
*Plaintiff-Appellant,*

and

MEAGAN GORDON,
*Plaintiff-Intervenor,*

v.

NORDSTROM, INC., a Washington Corporation authorized to do business in the State of California,
*Defendant-Appellee.*

No. 12-57130

D.C. No.
8:10-cv-00109-CJC-MLG

CHRISTOPHER MENDOZA, an
individual, on behalf of himself and
all other persons similarly situated,
                    *Plaintiff,*

              and

MEAGAN GORDON,
      *Plaintiff-Intervenor-Appellant,*

              v.

NORDSTROM, INC., a Washington
Corporation authorized to do
business in the State of California,
                    *Defendant-Appellee.*

No. 12-57144

D.C. No.
8:10-cv-00109-
CJC-MLG


OPINION

Appeals from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued December 12, 2014
Resubmitted June 30, 2017
Pasadena, California

Filed August 3, 2017

Before:  Susan P. Graber, Ronald M. Gould,
and Consuelo M. Callahan, Circuit Judges.

Opinion by Judge Graber

# SUMMARY[*]

## California Labor Law

The panel affirmed the district court's dismissal of plaintiffs' California Labor Code Private Attorneys General Act of 2004 ("PAGA") claims against Nordstrom, Inc. alleging violations of California's "day of rest" law.

Cal. Lab. Code § 551 grants employees a right to one "day's rest" in seven. Cal. Lab. Code § 552 provides that no employer "shall cause his employees to work more than six days in seven."

In an earlier order, the panel certified three questions of state law to the California Supreme Court, and the Supreme Court accepted certification and answered the questions, *Mendoza v. Nordstrom, Inc.*, 393 P.3d 375 (Cal. 2017).

The panel held that the stipulated facts demonstrated that neither plaintiff worked more than six consecutive days in any one Nordstrom work week, and each of their individual claims under California Labor Code sections 551 and 552 failed. The panel rejected plaintiffs' claim that the case must be remanded to permit a new PAGA representative who did suffer violations of sections 551 and 552 to "step forward" and continue litigating the dispute.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

André E. Jardini (argued) and K.L. Myles, Knapp Petersen & Clarke, Glendale, California, for Plaintiff-Appellant.

R. Craig Clark (argued) and James M. Treglio, Clark Law Firm, San Diego, California; David R. Markham, The Markham Law Firm, San Diego, California; for Plaintiff-Intervenor-Appellant.

Julie A. Dunne (argued), Dawn Fonseca, and Joshua D. Levine, Littler Mendelson P.C, San Diego, California, for Defendant-Appellee.

**OPINION**

GRABER, Circuit Judge:

Plaintiff Christopher Mendoza and Plaintiff-Intervenor Meagan Gordon (collectively, "Plaintiffs") appeal the dismissal of their California Labor Code Private Attorneys General Act of 2004 ("PAGA") claims against Defendant Nordstrom, Inc., alleging violations of California's "day of rest" law. In an earlier order, we certified three questions of state law to the California Supreme Court. *Mendoza v. Nordstrom, Inc.*, 778 F.3d 834 (9th Cir. 2015) (order). The California Supreme Court accepted certification and answered our questions. *Mendoza v. Nordstrom, Inc.*, 393 P.3d 375 (Cal. 2017). We now affirm the district court's dismissal.

BACKGROUND

The parties' dispute in this case arises under a California Labor Code provision granting employees a right to one "day's rest" in seven. Cal. Lab. Code § 551. Under section 551, "[e]very person employed in any occupation of labor is entitled to one day's rest therefrom in seven." Section 552 safeguards that statutory entitlement by providing that "[n]o employer of labor shall cause his employees to work more than six days in seven." *Id.* § 552.

Relevant here, sections 551 and 552 do not apply "when the nature of the employment reasonably requires that the employee work seven or more consecutive days, if in each calendar month the employee receives days of rest equivalent to one day's rest in seven." *Id.* § 554. Those sections also do not apply "to any employer or employee when the total hours of employment do not exceed 30 hours in any week or six hours in any one day thereof." *Id.* § 556. Violation of section 551 or 552 is a misdemeanor. *Id.* § 553.

We recounted the factual background of this case in our prior order and, for convenience, repeat it below:

> Christopher Mendoza and Meagan Gordon are former employees of Nordstrom, Inc., in California. Nordstrom is a retail department store that operates in many locations throughout the state of California, employing more than 11,000 people statewide. Mendoza worked for Nordstrom from March 2007 to August 2009, first as a barista and later as a sales representative in one of Nordstrom's San Diego locations. Gordon worked in the fitting

room at one of Nordstrom's "Rack" locations from July 2010 to February 2011.

While employed at Nordstrom, Mendoza worked more than six consecutive days on three occasions: (1) between January 26 and February 5, 2009, he worked 11 consecutive days, on two of which he worked less than six hours; (2) between March 23 and 29, 2009, he worked seven consecutive days, on three of which he worked less than six hours; and (3) between March 31 and April 7, 2009, Mendoza worked eight consecutive days, on five of which he worked less than six hours. On each of those occasions, Mendoza was not originally scheduled to work more than six consecutive days, but he did so after being asked by either his supervisor or a co-worker to fill in for another employee.

Gordon worked more than six consecutive days on one occasion, from January 14 to 21, 2011. On two of those days, Gordon worked less than six hours.

Mendoza sued Nordstrom, alleging that it had violated California Labor Code sections 551 and 552 by failing to provide him with one day's rest in seven on three occasions. He brought the action in California state court; Nordstrom removed to federal court. Mendoza also pleaded other claims that are not at issue in the present appeal. He filed his complaint on behalf of a class of similarly

situated hourly, non-exempt Nordstrom employees in California, and he brought the relevant claim pursuant to the California's Labor Code Private Attorneys General Act of 2004. *See* Cal. Lab. Code §§ 2698–2699.5. Gordon's complaint in intervention alleged the same causes of action as those in Mendoza's complaint.

With respect to the day-of-rest claims, the district court held a bench trial. The district court then ruled: (1) the day-of-rest statute, California Labor Code section 551, applies on a rolling basis to any consecutive seven-day period, rather than by the workweek; (2) but California Labor Code section 556 exempts Nordstrom from that requirement, because each plaintiff worked less than six hours on at least one day in the consecutive seven days of work; and (3) even if the exemption did not apply, Nordstrom did not "cause" Mendoza or Gordon to work more than seven consecutive days, within the meaning of California Labor Code section 552, because there was no coercion; Plaintiffs waived their rights under California Labor Code section 551 by accepting additional shifts when they were offered. The court dismissed the action; a timely appeal to this court followed . . . .

*Mendoza*, 778 F.3d at 837–38.

CERTIFIED QUESTIONS AND RESPONSES

Noting that "no clear controlling California precedent exist[ed]" with respect to the district court's holdings, we certified three questions to the California Supreme Court. *Id.* at 836–37.   The California Supreme Court accepted certification and modified the questions slightly.

The first question asked:  "Is the day of rest required by sections 551 and 552 calculated by the workweek, or does it apply on a rolling basis to any seven-consecutive-day period?" *Mendoza*, 393 P.3d at 377.  The California Supreme Court responded:  "A day of rest is guaranteed for each workweek.  Periods of more than six consecutive days of work that stretch across more than one workweek are not per se prohibited." *Id.*

The second question asked:  "Does the section 556 exemption for workers employed six hours or less per day apply so long as an employee works six hours or less on at least one day of the applicable week, or does it apply only when an employee works no more than six hours on each and every day of the week?" *Id.*  The California Supreme Court responded:  "The exemption for employees working shifts of six hours or less applies only to those who never exceed six hours of work on any day of the workweek.  If on any one day an employee works more than six hours, a day of rest must be provided during that workweek, subject to whatever other exceptions might apply." *Id.*

The third question asked:  "What does it mean for an employer to 'cause' an employee to go without a day of rest (§ 552): force, coerce, pressure, schedule, encourage, reward, permit, or something else?" *Id.*  The California Supreme

Court responded: "An employer causes its employee to go without a day of rest when it induces the employee to forgo rest to which he or she is entitled. An employer is not, however, forbidden from permitting or allowing an employee, fully apprised of the entitlement to rest, independently to choose not to take a day of rest." *Id.*

## DISCUSSION

As the California Supreme Court's opinion makes clear, the district court answered the first two questions incorrectly. But because the stipulated facts nevertheless demonstrate that neither Plaintiff worked more than six consecutive days in any one Nordstrom workweek, each of their individual claims[1] under Labor Code sections 551 and 552 fails, and the district court reached the correct conclusion, albeit for the wrong reasons. *See Spencer v. Peters*, 857 F.3d 789, 797 n.3 (9th Cir. 2017) ("We can affirm on any ground supported by the record." (internal quotation marks omitted)). Notwithstanding this setback, Plaintiffs argue that we must remand the case to permit a new PAGA representative who *did* suffer violations of sections 551 and 552 to "step forward" and continue litigating this dispute. After the district court held that Plaintiffs were not aggrieved under its interpretation of these statutes, Plaintiffs made precisely this request. After considering the parties' responses to its Order to Show Cause why the case should still proceed, the district court dismissed the action, concluding that "it no longer contains a viable claim or controversy." As explained below,

---

[1] Plaintiffs alleged other claims on behalf of a putative class of similarly situated workers, but the district court granted summary judgment to Defendant on those claims, and Plaintiffs did not appeal that order.

we are not persuaded that the district court erred in declining to permit Plaintiffs to substitute a new representative.**[2]**

The PAGA "permits a civil action 'by an aggrieved employee on behalf of himself or herself and other current or former employees' to recover civil penalties for violations of other provisions of the Labor Code." *Amalgamated Transit Union, Local 1756 v. Superior Court*, 209 P.3d 937, 942 (Cal. 2009) (quoting Cal. Lab. Code § 2699(a)). An "aggrieved employee" is "any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed." *Id.* (quoting Cal. Lab. Code § 2699(c)). But an "aggrieved" status is not the only requirement to bringing a PAGA claim. There are procedural requirements as well:

> Before bringing a civil action for statutory penalties, an employee must comply with Labor Code section [2699.3(a)]. That statute requires the employee to give written notice of the alleged Labor Code violation to both the employer and the Labor and Workforce Development Agency, and the notice must describe facts and theories supporting the violation. [*Id.*] If the agency notifies the

---

**[2]** The district court and Defendant both framed this dismissal at least in part as resulting from the lack of an Article III "case or controversy." But the district court dismissed this case because Plaintiffs did not prevail on the merits of their state claims. A loss on the merits is not the same as a lack of federal subject matter jurisdiction. *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1388 n.4 (2014) ("[T]he absence of a valid . . . cause of action does not implicate subject-matter jurisdiction . . . ." (quoting *Verizon Md. Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 642–43 (2002)).

> employee and the employer that it does not intend to investigate . . ., or if the agency fails to respond within 33 days, the employee may then bring a civil action against the employer. [*Id.* § 2699.3(a)(2)(A).] If the agency decides to investigate, it then has 120 days to do so. If the agency decides not to issue a citation, or does not issue a citation within 158 days after the postmark date of the employee's notice, the employee may commence a civil action. [*Id.* § 2699.3(a)(2)(B).]

*Arias v. Superior Court*, 209 P.3d 923, 930 (Cal. 2009); *see also USS-POSCO Indus. v. Case*, 197 Cal. Rptr. 3d 791, 812 (Ct. App. 2016) (holding that a plaintiff did not state a PAGA claim when, among other problems, he "[did] not allege compliance with or even reference PAGA's exhaustion requirements").[3]

Under the California Supreme Court's now-binding interpretation of these provisions, Plaintiffs were not "aggrieved employees." Even if such employees do exist, under the requirements of Labor Code section 2699.3, they would have to exhaust their claims administratively before bringing a PAGA action of their own. Well before trial, the district court asked Plaintiffs if they wished to include additional plaintiffs; Plaintiffs declined. Only as the trial was beginning did Plaintiffs request to present new witnesses who

---

[3] Federal courts enforce PAGA's exhaustion requirements as well. *See, e.g., Alcantar v. Hobart Serv.*, 800 F.3d 1047, 1056 (9th Cir. 2015) (affirming a grant of summary judgment for PAGA defendants when a plaintiff's written notice to his employer "did not contain sufficient facts to comply with the statute's notice requirements").

might have been aggrieved. But Plaintiffs apparently did not propose to add these people as PAGA *plaintiffs* and, in any event, Plaintiffs ultimately agreed not to demand the witnesses.

Even if an additional party could have satisfied PAGA's aggrievement and procedural requirements, Plaintiffs have cited no authority—and we have located none—explaining why the district court was obligated to permit the addition or substitution of PAGA representatives. Plaintiffs invoke authorities holding that district courts *may* permit substitution of class representatives in ordinary class action cases, but that comparison is unavailing for at least two reasons. First, as we have explained, "a PAGA suit is fundamentally different than a class action." *Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117, 1123 (9th Cir. 2014); *see id.* at 1122–23 (explaining that principles of finality, preclusion, notice, and reservation of rights differ between these procedural devices). Second, a district court's discretion to permit substitutions or additions of parties is not a requirement that it do so. The court was under no such obligation. *Cf.* Fed. R. Civ. P. 21 (noting that "the court may at any time, on just terms, add or drop a party"); *Rush v. Sport Chalet, Inc.*, 779 F.3d 973, 974 (9th Cir. 2015) ("We review the district court's decision to sever and dismiss the co-defendants under Rule 21 for abuse of discretion.").

Over years of litigation, the parties had ample opportunity to shape their theories of this case. Nothing in the district court's order or this court's opinion prevents a proper plaintiff from bringing a new action to vindicate his or her rights in the future. In the circumstances, the district court did not err by dismissing the case.

**AFFIRMED.**