**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| WANDA THOMAS, | No. 14-16669 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 1:12-cv-00535-LEK-KSC |
| RYAN D. MCCARTHY, Acting Secretary, Department of the Army, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Submitted August 14, 2017[**]
San Francisco, California

Before: RAWLINSON and N.R. SMITH, Circuit Judges, and WATTERS,[***]

District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Susan P. Watters, United States District Judge for the District of Montana, sitting by designation.

In December, 2011, Thomas joined an action in the District of Hawaii with nine other plaintiffs against the Secretary of the Army (the Army), alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, et. seq. and denial of Equal Protection under the Fifth Amendment.

The district court severed Thomas's claims, and granted summary judgment in favor of the Army on the basis that Thomas failed to exhaust her administrative remedies and, in the alternative, that her claims failed on the merits. Thomas moved for reconsideration, arguing that administrative exhaustion would be futile, and, alternatively, that dismissal of her Title VII claim violated the International Convention on the Elimination of All Forms of Racial Discrimination (Treaty), 660 U.N.T.S. 195, *entered into force on* January 4, 1969. The court denied Thomas's motion as meritless.

We review a district court's grant of a motion for summary judgment *de novo* and a denial of a motion for reconsideration for abuse of discretion. *See Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 954 (9th Cir. 2013). A district court's decision to order separate trials is also reviewed for an abuse of discretion. *See Rush v. Sport Chalet, Inc.*, 779 F.3d 973, 974 (9th Cir. 2015).

1.     Treaties that are not self-executing do not create "obligations enforceable in the federal courts." *Sosa v. Alvarez-Machain*, 542 U.S. 692, 735

(2004).  Because Title VII cannot be preempted by a non-enforceable treaty, the district court did not abuse its discretion in denying Thomas's motion for reconsideration based on the provisions of the Treaty.  *See Brown v. General Svcs. Admin.*, 425 U.S. 820, 835 (1976) (describing Title VII as "the exclusive judicial remedy for claims of discrimination in federal employment").

**2.**      We need not determine at this juncture whether a futility exception should be read into the exhaustion requirements of Title VII because Thomas's "bare assertions of futility are insufficient" to demonstrate the existence of a viable futility claim in any event.  *Diaz v. United Agr. Employee Welfare Ben. Plan & Tr.*, 50 F.3d 1478, 1485 (9th Cir. 1995).

**3.**      Summary judgment under Title VII is appropriate where no material issue of fact is raised.  *See Reynaga v. Roseburg Forest Prod.*, 847 F.3d 678, 686 (9th Cir. 2017).  Because Thomas failed to raise a material issue of fact as to her Title VII claims, the district court did not err in granting summary judgment in favor of Defendant.  As the district court noted, any conflict between Thomas and her supervisor arose from performance issues and personal incompatibility rather than racial discrimination.  In addition, Thomas was unable to identify any protected activity that could serve as the basis for a claim of retaliation.

3

**4.** Severance of a party's claims for a separate trial is not an abuse of discretion if the district court determines that the party's injuries are "distinct and independent" from that of the other parties. *See Rush*, 779 F.3d at 975. As the district court found, Thomas's claims were distinct from those of the other plaintiffs temporally and in terms of her work assignment. Therefore, the district court acted within its discretion in severing Thomas's claims.

**AFFIRMED.**