NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 17 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FEDERAL HOUSING FINANCE AGENCY, in its capacity as Conservator of Federal National Mortgage Association and Federal Home Loan Mortgage Corporation; et al., | No.   20-15658 D.C. No. 2:16-cv-01187-GMN-DJA |
| Plaintiffs-Appellees, | MEMORANDUM* |
| v. | |
| LAS VEGAS DEVELOPMENT GROUP, LLC; et al., | |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Submitted November 15, 2021**
San Francisco, California

Before:  SCHROEDER, W. FLETCHER, and MILLER, Circuit Judges.

Las Vegas Development Group, LLC, Las Vegas Development, LLC, and

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

LVDG, LLC (collectively, "the developers") appeal from the district court's order granting summary judgment to the Federal Housing Finance Agency, Fannie Mae, and Freddie Mac (collectively, "FHFA") in this action to quiet title to certain residential properties in Nevada that were the subject of homeowners' association foreclosure sales. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not err by granting summary judgment based on evidence that was not previously disclosed. The developers argue that FHFA's failure to make initial discovery disclosures violated Federal Rule of Civil Procedure 26(a), thus requiring exclusion of the evidence under Rule 37(c). But a party need not make initial disclosures before the Rule 26(f) discovery conference. Fed. R. Civ. P. 26(a)(1)(C). Here, no discovery conference occurred. And although District of Nevada Local Rule 26-1 places the burden of scheduling a discovery conference on the plaintiff, "only a departure from local rules that affects substantial rights requires reversal." *Alliance of Nonprofits for Ins., Risk Retention Grp. v. Kipper*, 712 F.3d 1316, 1327 (9th Cir. 2013) (quotation marks omitted) (quoting *Professional Programs Grp. v. Department of Com.*, 29 F.3d 1349, 1353 (9th Cir. 1994)). Even if FHFA failed to meet its Rule 26(a) obligations, the district court retained and did not abuse its discretion to determine whether exclusion of evidence was an appropriate sanction under Rule 37(c). *See Merchant v. Corizon Health, Inc.*, 993 F.3d 733, 740 (9th Cir. 2021).

The district court did not err by denying the developers' Rule 56(d) motion to postpone summary judgment and allow additional discovery. The developers sought discovery to verify FHFA's ownership interests in the properties. But they did not provide the "basis or factual support for [their] assertions that further discovery would lead to the facts" sought. *Margolis v. Ryan*, 140 F.3d 850, 854 (9th Cir. 1998). The developers offer no reason to believe that additional discovery would uncover evidence that contradicts the hundreds of pages of business records and declarations already produced proving FHFA's interests in the properties.

The district court did not err by denying the developers' motion to dismiss for lack of prosecution. Though neither party took action in the suit for more than two years, the district court had discretion and did not abuse that discretion by denying the developers' motion and instead resolving the case on the merits. *See* D. Nev. Local R. 41-1 (noting that a court "*may* . . . dismiss[] for want of prosecution" when an action has been pending "for more than 270 days without any proceeding of record having been taken" (emphasis added)).

The district court did not err by denying the developers' motion to sever two defendants from the action. Under Rule 20(a), a plaintiff may join multiple defendants if (1) the plaintiff asserts "any right to relief . . . against [the defendants] . . . arising out of the same transaction, occurrence, or series of transactions or occurrences," and (2) there is a "question of law or fact common to

all defendants." Fed. R. Civ. P. 20(a)(2); *see Rush v. Sport Chalet, Inc.*, 779 F.3d 973, 974 (9th Cir. 2015). Here, the purchase of nine Nevada properties in homeowners' association foreclosure sales by three interconnected real estate development corporations constituted a "series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). There are also questions of law and fact common to all defendants, including whether the Federal Foreclosure Bar, 12 U.S.C. § 4617(j)(3), preserved FHFA's property interests after the foreclosure sales. Fed. R. Civ. P. 20(a)(2)(B).

The district court did not abuse its discretion by assigning the case to a particular district judge instead of through random assignment. *See In re Marshall*, 721 F.3d 1032, 1039–40 (9th Cir. 2013); *Badea v. Cox*, 931 F.2d 573, 575 (9th Cir. 1991). The district court reasonably concluded that direct assignment would promote judicial economy because of the assigned judge's familiarity with the parties, facts, and legal issues.

**AFFIRMED.**