**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ALAN RICHARD KLEIN, an
individual; SHERYLL KLEIN, an
individual,

      *Plaintiffs-Appellants,*

v.

UNITED STATES OF AMERICA; DAVID
ANDERBERG, an individual,

      *Defendants-Appellees.*

No. 06-55510

D.C. No.
CV-05-05526-PA

ORDER
CERTIFYING
QUESTION TO
SUPREME COURT
OF CALIFORNIA

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted
May 7, 2008—Pasadena, California

Filed July 30, 2008

Before: John T. Noonan, William A. Fletcher, and
Ronald M. Gould, Circuit Judges.

---

## ORDER

GOULD, Circuit Judge:

We respectfully ask the Supreme Court of California to
exercise its discretion to decide the certified question pre-
sented below, pursuant to California Rule of Court 8.548. The
answer to this question of California law could be dispositive
of the appeal before us, and no clear controlling California
precedent exists. *See id.* Moreover, because the question we

certify is of the utmost importance to both California land-owners and recreational users of California lands, considerations of comity and federalism suggest that the highest court in California, rather than our court, should have the opportunity to answer this question in the first instance. *See Ventura Group Ventures, Inc. v. Ventura Port Dist.*, 179 F.3d 840, 843 (9th Cir. 1999).

## I. Administrative Information

We provide the following information in accordance with California Rule of Court 8.548(b)(1):

The caption of the case is Alan Richard Klein and Sheryll Klein, Plaintiffs-Appellants, v. United States of America and David Anderberg, Defendants-Appellees, and the case number in our court is 06-55510.

The name and addresse of counsel for Alan and Sheryll Klein are David G. Jones, Santiago, Rodnunsky & Jones, 5959 Topanga Canyon Boulevard, Suite 220, Woodland Hills, CA 91367.

The names and addresses of counsel for the United States of America and David Anderberg are Julie Zatz and Jonathan B. Klinck, Assistant United States Attorneys, Federal Building, Suite 7516, 300 North Los Angeles Street, Los Angeles, CA 90012.

The name and address of additional counsel for David Anderberg are Colette Maria Asel, Law Offices of Craig Hartsuyker, 300 North Brand Boulevard, Suite 950, P.O. Box 29082, Glendale, CA 91209-9082.

If the California Supreme Court grants the request for certification, Alan and Sheryll Klein should be deemed the petitioners, as they are the appellants before our court.

## II. Certified Question

We certify to the California Supreme Court the following question of state law that is now before us: Does California Civil Code § 846, California's recreational land use statute, immunize a landowner from liability for acts of vehicular negligence committed by the landowner's employee in the course and scope of his employment that cause personal injury to a recreational user of that land?

The phrasing of the question set forth above should not restrict the California Supreme Court's consideration of the issues involved, and that court may reformulate the question. We will accept the decision of the California Supreme Court. *See Aceves v. Allstate Ins. Co.*, 68 F.3d 1160, 1164 (9th Cir. 1995) (holding that the Ninth Circuit is bound by the California Supreme Court's interpretation of California law).

## III. Statement of Facts

On August 29, 2004, Alan Klein ("Klein") was riding his bicycle for recreational purposes on Bear Divide Road, a two-lane paved road located in a mountainous region of Angeles National Forest in California that is owned and maintained by the United States government. Tragically, Klein was struck head-on by an automobile driven by David Anderberg, a part-time volunteer for the United States Fish and Wildlife Service ("FWS") who told the California Highway Patrol that he was on his way to observe birds for the FWS when the accident occurred. As a result of the accident, Klein suffered catastrophic injuries including a partially severed ear, broken ribs, a collapsed lung, a brain injury affecting memory and speech, and a brachial plexis injury that has permanently deprived him of the use of his left arm. These injuries caused Klein to be medically retired from his federal government job as an air traffic controller. Klein's wife Sheryll also took early retirement from her job as an elementary school principal to help

care for her husband, resulting in severe economic hardship for the couple.

The Kleins sought to bring a negligence action against the United States under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), on two theories: (1) that the United States maintained Bear Divide Road in an unsafe condition and was therefore negligent, and (2) that the United States was liable for the vehicular negligence of its volunteer employee, David Anderberg. After exhausting their administrative remedies by receiving letters of claim denial from the FWS, the Kleins filed suit against both the United States and Anderberg in federal district court in the Central District of California under Case Number CV-05-05526-PA.

In its answer to the Kleins' complaint, the United States disputed that Anderberg was acting in the course and scope of his government employment when the accident occurred; the United States further contended that California Civil Code § 846, the so-called "recreational land use statute," shielded the United States from liability because it owned the Forest Service land in question and Klein was injured while using that land for recreational purposes. The United States later filed a motion for summary judgment which made the same immunity argument, relying on the California Court of Appeal decision in *Shipman v. Boething Treeland Farms, Inc.*, 77 Cal. App. 4th 1424, *review denied*, 22 Cal. 4th 4318 (2000).

On March 13, 2006, the district court granted the United States' motion for summary judgment. Assuming for purposes of its decision on the summary judgment motion that David Anderberg was acting within the course and scope of his employment when the accident occurred, the district court relied on *Shipman*, as well as *Ornelas v. Randolph*, 847 P.2d 560 (Cal. 1993), to hold that the United States as landowner was immunized from liability for any injuries that Klein suffered as a recreational user of that land, even where those

injuries were caused by the negligent actions of the United States' employee. The district court also granted summary judgment to the United States on Klein's claim that the road had been negligently maintained and declined to exercise supplemental jurisdiction over Klein's state law claims against Anderberg acting in his individual capacity, which were dismissed without prejudice.[1] The Kleins timely appealed to our court on April 3, 2006, and we heard oral argument on May 7, 2008.

## IV.   Reasons for Certification

The proper scope of California Civil Code § 846 — specifically, whether its grant of immunity extends to cover the negligent acts of a landowner's employees — is an important question of California law that will have a substantial effect on landowners in California and on those who use another's land, including federal land, for recreation. Although the landowner in this case happens to be the United States government, the Federal Tort Claims Act, under which the Kleins brought suit, provides for liability only "where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occured." 28 U.S.C. § 1346(b)(1). The question for our appeal thus is whether "a private person" would be liable for an employee's vehicular negligence "in accordance with" California Civil Code § 846 when that negligence causes injury to a recreational user of the employer's land.

Because we must answer this question to resolve one of the issues on which the district court granted summary judgment to the United States, now on appeal before us, the Supreme Court of California's answer to the question, if it accepts cer-

---

[1]The Kleins filed a separate state law action against Anderberg in Los Angeles County Superior Court under Case Number PC038323 but later moved to voluntarily dismiss that action with prejudice. The court granted that motion on August 13, 2007.

tification, "could determine the outcome" of this appeal. *See* Cal. R. Ct. 8.548(a)(1). Indeed, it is plain that a decision by the California Supreme Court on the certified question will determine the outcome of one of the issues in this appeal—the summary judgment granted to the defendants on Kleins' claim against the United States as employer for Anderberg's negligent driving. Moreover, although there is some California case law in this area, we conclude that "no clear controlling California precedent" squarely addresses the question before us, *Munson v. Del Taco, Inc.*, 522 F.3d 997, 1000 (9th Cir. 2008), and so certification is also appropriate under California Rule of Court 8.548(a)(2).

California Civil Code § 846 provides that "[a]n owner of any estate or any other interest in real property, whether possessory or nonpossessory, owes no duty of care *to keep the premises safe* for entry or use by others for any recreational purpose or to give any warning of hazardous conditions, uses of, structures, or activities on such premises to persons entering for such purpose . . . ." (Emphasis added).[2] Focusing on the words "keep the premises safe," the Kleins argued on appeal to us that the plain language of the statute encompasses only claims of premises liability based on conditions encountered on the landowner's property and does not extend to the tortious actions of third parties. The government of the United States argues to the contrary, but of course stands before us under the Federal Tort Claims Act in the same posture as any landowner in the state of California.

The California Supreme Court has never addressed this question regarding the scope of immunity granted by the rec-

---

[2]The statute provides three exceptions to this landowner immunity: (1) cases of "willful or malicious failure to guard or warn against a dangerous condition, use, structure or activity"; (2) cases where permission to enter for a recreational purpose "was granted for a consideration"; and (3) cases involving "any persons who are expressly invited rather than merely permitted to come upon the premises by the landowner." Cal. Civ. Code § 846.

reational land use statute; however, in the 2000 case of *Shipman v. Boething Treeland Farms*, the California Court of Appeal rejected the Kleins' interpretation of the statute. *Shipman* involved a 16-year-old boy, Trent Shipman, who was driving an ATV on a dirt road owned by a nearby tree farm, for the recreational purpose of looking at a pond, when he was injured in a collision with a station wagon driven by one of the tree farm's employees. 77 Cal. App. 4th at 1426. Shipman sued both the employee and the landowner/employer, asserting against the landowner claims of negligent supervision and negligence under a respondeat superior theory, but the trial court granted summary judgment to the defendants based on California Civil Code § 846. *Id.* at 1426-27.

The California Court of Appeal affirmed, concluding that the protection afforded by the recreational land use statute "is extremely broad" and covers injuries inflicted by drivers as well as "dangers presented by the premises per se . . . ." *Id.* at 1427. Quoting the 1993 California Supreme Court decision in *Ornelas v. Randolph*, the *Shipman* court went on to hold that "the landowner's duty to the nonpaying, uninvited recreational user is, in essence, that owed a trespasser under the common law as it existed prior to *Rowland v. Christian*, . . . 443 P.2d 561 [(Cal. 1968)]; i.e., absent willful or malicious misconduct, the landowner is immune from liability for *ordinary negligence*." 77 Cal. App. 4th at 1428 (quoting *Ornelas*, 847 P.2d at 562) (emphasis added). The appeals court then cited a decision from the pre-*Rowland* period holding that where a commercial truck driver who was a business invitee and who was backing up to a loading dock in a private alley injured another driver who was in the alley without the owner's permission, the truck driver did not owe a duty of ordinary care to the other driver, who "occupie[d] the status of trespasser . . . ." *Id.* (quoting *Kirkpatrick v. Damianakes*, 59 P.2d 556, 557 (Cal. Ct. App. 1936)). Thus, the *Shipman* court reasoned, the plaintiff could not prevail against the tree farm owner under either a respondeat superior or a negligent supervision theory, because "[n]egligence is insufficient to

overcome Civil Code section 846 immunity" and "[i]t would thwart the purpose of section 846 to permit suits invoking vicarious liability for the negligent acts of private landowners' employees where the landowner is absolved of liability under the statute." *Id.* at 1431 (internal quotation marks omitted).

When "there is no relevant precedent from the state's highest court, but . . . there is relevant precedent from the state's intermediate appellate court," we "must follow the state intermediate appellate court decision unless [we] find[ ] convincing evidence that the state's supreme court likely would not follow it." *Ryman v. Sears, Roebuck & Co.*, 505 F.3d 993, 994 (9th Cir. 2007) (emphasis omitted); *see also Munson*, 522 F.3d at 1002 (certifying a question to the California Supreme Court, and having that certified question accepted, where our court was "in doubt about whether the California Supreme Court would follow" an earlier state intermediate appellate court decision). Here, we have grave concern that *Shipman* did not state California law correctly, and there is "convincing evidence" that leads us to believe that the California Supreme Court likely would not follow *Shipman*. That evidence makes us hesitant to follow it as well. We are particularly reluctant to follow *Shipman* in light of the harsh result that granting immunity here would create, where Klein's injuries were so severe and where he would have been able to seek recovery for those injuries from Anderberg's employer[3] if that employer had been anyone but the federal government. However, because we are "in doubt" about how the Supreme Court of California would resolve this important question of California law concerning immunity of a landowner for its employee's negligent vehicle operation on its land harming a

---

[3]Because the district court assumed for purposes of the United States' summary judgment motion that Anderberg was acting in the course and scope of his employment, and because on appeal we view all facts in the light most favorable to Klein as the nonmoving party, we also assume for purposes of the appeal and this certification order that Anderberg was acting within the scope of his federal employment when the accident occurred.

recreational user of such land, we prefer if possible to let that court speak to the issue rather than making our best prediction of what it would say. *See Munson*, 522 F.3d at 1002.

There is nothing in the language of California Civil Code § 846, or the circumstances surrounding its enactment, that would lead us to view it as anything more than a premises liability exemption statute. Stated another way, nothing in its language or history would lead us to think that the legislature aimed to give landowners an immunity from liability for negligent driving of their agents on their land when that negligence proximately caused damage to a recreational user of such land.

Moreover, serious questions about *Shipman*'s continuing vitality and validity arise from the 2006 California Supreme Court decision in *Avila v. Citrus Community College District*, 131 P.3d 383 (Cal. 2006). That case concerned California Government Code § 831.7, a statute granting immunity to public entities and public employees for "any damage or injury" resulting from participation, on public property, "in a hazardous recreational activity." *Id.* at 386. In addressing the provision's legislative history, the California Supreme Court explained that Government Code § 831.7 was "modeled on" California Civil Code § 846. *Id.* at 389. And, tellingly for our purposes, the court described that "model" statute as "a premises liability statute that provides qualified immunity for landowners against claims by recreational users." *Id.* at 388. The court further explained that "Civil Code § 846 leaves in place whatever common law premises liability would exist," and then cited to the three exceptions listed in footnote 2 above. *See id.* Reviewing California Senate reports "confirm[ed for the court] that Government Code section 831.7 was designed to mirror Civil Code section 846's circumscription of *property-based duties*." *Id.* at 389 (emphasis added).

After analyzing the legislative history of Government Code § 831.7, the court concluded:

> Thus, Government Code section 831.7 was adopted
> as a premises liability measure, modeled on Civil
> Code section 846, and designed to limit liability
> based on a public entity's failure either to maintain
> public property or to warn of dangerous conditions
> on public property. Nothing in the history of the
> measure indicates the statute was intended to limit a
> public entity's liability arising from other duties,
> such as any duty owed to supervise participation in
> particular activities.

*Id.* Both the repeated categorization of Civil Code § 846 as a
"premises liability statute" affecting only "property-based
duties" and the parallel drawn between that statute and a pro-
vision explicitly held not to limit the immunized group's "lia-
bility arising from other [non-premises-related] duties" raise
a probability that the California Supreme Court, if faced with
the question of immunity from claims of employee negligence
presented in *Shipman* or in this case, would construe § 846
more narrowly than did the California Court of Appeal in
*Shipman* and more consistently with the premises liability
interpretation advocated by the Kleins.

Furthermore, the earlier California Supreme Court decision
in *Ornelas*, on which the analysis in *Shipman* heavily relied,
also described the rationale for Civil Code § 846 in a manner
that invokes the concept of premises liability: "One who
avails oneself of the opportunity to enjoy access to the land
of another for one of the recreational activities within the stat-
ute may not be heard to complain that the property was inap-
propriate for the purpose." 847 P.2d at 569. Although
elsewhere in the *Ornelas* opinion the California Supreme
Court stated that "recreationists who take advantage of . . .
access [to others' property] waive their right to sue for ordi-
nary negligence," *id.* at 567, the term "ordinary negligence"
does not necessarily encompass the concept of vicarious lia-
bility for the negligent acts of third parties. Finally, while the
United States is placed in the same position as a private indi-

vidual for purposes of the Federal Tort Claims Act, it is of no small moment that the federal government owns millions of acres of National Park and National Forest land within the state of California. Shielding the United States from liability for the negligent driving, and possibly for other negligent acts, of its employees on all of these lands may have substantial and negative consequences for the many residents of and visitors to California who make use of federal lands for recreational purposes.

The California Supreme Court decided in *Avila* that the immunity granted to public[4] employees by Government Code § 831.7 did not extend to any duties beyond maintaining public property and warning of unsafe conditions on that property. *See* 131 P.3d at 389. The Supreme Court of California should have the opportunity to answer the same question about the scope of Civil Code § 846, on which Government Code § 831.7 was modeled, *id.*, and we respectfully ask that court to answer the certified question so that we in turn may "apply the existing California law" to the appeal before us. *Munson*, 522 F.3d at 1002 (internal quotation marks omitted).

## V.   Stay and Withdrawal from Submission

All further proceedings in this case before our court are stayed pending final action by the California Supreme Court, except for petitions for rehearing or rehearing en banc, or sua sponte calls for rehearing en banc, relating to this certification order. The Clerk of our court shall not transmit this order to the California Supreme Court for its consideration until time

---

[4]The word "public" in this context refers to state, county and municipal employees and to property owned by those entities. It does not extend to federal employees or property. *See* 131 P.3d at 387-88. Moreover, the discussion of public employees and entities in *Avila* is irrelevant to the question before us because immunity under California law only applies to claims brought under the Federal Tort Claims Act to the extent that such immunity would apply to private individuals under state law. *See* 28 U.S.C. § 1346(b)(1).

has run for any such petitions or calls and, if any such petitions or calls are made, until proceedings relating to such petitions or calls have been completed.

This case is withdrawn from submission until further order of this court. The parties shall notify the Clerk of this court within ten (10) days after the California Supreme Court accepts or rejects certification, and again within ten (10) days if the California Supreme Court renders an opinion.

In accordance with California Rule of Court 8.548, the Clerk of this court shall file the original and ten copies of this order, along with all briefs on appeal to this court and any record materials as requested, with the Supreme Court of California. The Clerk shall also file certificates of service with the parties to this appeal. Cal. R. Ct. 8.548(c)-(d).

This court retains jurisdiction over any further proceedings in this case.

**It is so ORDERED.**

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON REUTERS/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2008 Thomson Reuters/West.