GRABER, Circuit Judge,
concurring:
I concur fully in the Order certifying a question to the California Supreme Court. I write separately only to note that, in the absence of that court’s guidance, I would disagree with the dissent’s view, as I understand extant California law.
First, the legislature’s wide-ranging statute concerning the availability and use of AEDs strongly suggests that the legislature occupied the field and displaced any duty that a business may have under California common law to acquire or install an AED. See Cal. Health & Safety Code § 1797.196(f) (“Nothing in this section or Section 1714.21 may be construed to require a building owner or a building manager to acquire and have installed an AED in any building.”). Second, I read California law to establish only a limited duty on the part of a business to come to the aid of an invitee who is in physical distress. Third, because the foreseeability of cardiac arrest is universal, the dissent’s view contains no limiting principle; all businesses, of any size, can foresee equally that a customer might suffer sudden cardiac arrest. Thus, in essence, finding a common law duty might well eviscerate California Health & Safety Code section 1797.196(f).
In short, because reasonable minds differ about the state law that we must apply, certification is particularly appropriate here. See Klein v. United States, 537 F.3d 1027, 1030 (9th Cir.2008) (stating that certification is appropriate if “no clear controlling California precedent squarely addresses the question before us” (internal quotation marks omitted)).