**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| PITZER COLLEGE,<br>        *Plaintiff-Appellant*,<br><br>v.<br><br>INDIAN HARBOR<br>INSURANCE COMPANY,<br>        *Defendant-Appellee.* | No. 14-56017<br><br>D.C. No.<br>2:13-cv-05863-GW-E<br><br>ORDER CERTIFYING<br>QUESTIONS TO THE<br>CALIFORNIA SUPREME<br>COURT |

Filed January 13, 2017

Before: Harry Pregerson, Richard A. Paez,
and Andrew D. Hurwitz, Circuit Judges.

Order

## SUMMARY[*]

### Certification to California Supreme Court

The panel certified the following questions of state law to the California Supreme Court:

1.  Is California's common law notice-prejudice rule a fundamental public policy for the purpose of choice-of-law analysis? May common law rules other than unconscionability not enshrined in statute, regulation, or the constitution, be fundamental public policies for the purpose of choice-of-law analysis?

2.  If the notice-prejudice rule is a fundamental public policy for the purpose of choice-of-law analysis, can a consent provision in a first-party claim insurance policy be interpreted as a notice provision such that the notice-prejudice rule applies?

## COUNSEL

Michael J. Murtaugh, Lawrence J. DiPinto, and Thomas N. Fay, Murtaugh Meyer Nelson & Treglia LLP, Irvine, California, for Plaintiff-Appellant.

Max H. Stern and Jessica E. La Londe, Duane Morris LLP, San Francisco, California; Katherine Nichols, Duane Morris LLP, Los Angeles, California; for Defendant-Appellee.

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**ORDER**

We certify the questions set forth in Part II of this order to the California Supreme Court.  The answers to these questions are dispositive of the case, without clear California precedent, and important to protections for California insureds.  *See* Cal. R. Ct. 8.548.  We therefore respectfully request that the California Supreme Court exercise its discretion to decide the certified questions presented below. Absent certification, we will "predict as best we can what the California Supreme Court would do in these circumstances." *Pacheco v. United States*, 220 F.3d 1126, 1131 (9th Cir. 2000).

## I.  Administrative Information

We provide the following information in accordance with California Rule of Court 8.548(b)(1).

The caption of this case is:

No. 14-56017

PITZER COLLEGE,

Plaintiff and Appellant,

v.

INDIAN HARBOR INSURANCE COMPANY,

Defendant and Appellee.

The names and addresses of counsel are:

*For Plaintiff-Appellant Pitzer College*: Michael J. Murtaugh, Lawrence J. DiPinto, Thomas N. Fay, Murtaugh Meyer Nelson & Treglia LLP, 2603 Main Street, 9th Floor, Irvine, California, 92614.

*For Defendant-Appellee Indian Harbor Insurance Company*: Max H. Stern, Duane Morris LLP, One Market Plaza, Suite 2200, San Francisco, California, 94105; Katherine Nichols, Duane Morris LLP, 865 South Figueroa Street, Suite 3100, Los Angeles, California, 90017.

If the request for certification is granted, Plaintiff-Appellant Pitzer College should be deemed the petitioner in the California Supreme Court.

## II.  Certified Questions

Pursuant to California Rule of Court 8.548(b)(2), we certify the following questions of state law before us:

1. Is California's common law notice-prejudice rule a fundamental public policy for the purpose of choice-of-law analysis?  May common law rules other than unconscionability not enshrined in statute, regulation, or the constitution, be fundamental public policies for the purpose of choice-of-law analysis?

2. If the notice-prejudice rule is a fundamental public policy for the purpose of choice-of-law analysis, can a consent provision in a first-party claim insurance policy be interpreted as a notice provision such that the notice-prejudice rule applies?

Our phrasing of the questions should not restrict the California Supreme Court's consideration of the issues involved. Cal. R. Ct. 8.548(f)(5). We agree to accept and follow the decision of the California Supreme Court. Cal. R. Ct. 8.548(b)(2); *see Klein v. United States*, 537 F.3d 1027, 1029 (9th Cir. 2008) (holding that "the Ninth Circuit is bound by the California Supreme Court's interpretation of California law" with respect to a certified question).

### III.  Statement of Facts

Pitzer College ("Pitzer") is one of the Claremont Colleges in Southern California. The Claremont University Consortium ("CUC") is an umbrella entity that enters into insurance contracts on behalf of the Claremont Colleges. CUC purchased an insurance policy (the "Policy") from Indian Harbor Insurance Company ("Indian Harbor") to cover Pitzer for remediation expenses caused by pollution-related damage. New York law governs any issues arising under the Policy.[1]

On January 10, 2011, Pitzer became aware of darkened soils at the construction site for a new dormitory. By January 21, 2011, Pitzer determined that remediation would be required. After assessing its options, Pitzer secured one of two Transportable Treatment Units ("TTU") located in Southern California to remediate the soils. The remediation

---

[1] The Policy provides that: "All matters arising hereunder including questions related to the validity[,] interpretation, performance and enforcement of this Policy shall be determined in accordance with the law and practice of the State of New York (notwithstanding New York's conflicts of law rules)."

treatment was successful, and Pitzer completed the dormitory a few days before the students' move-in date.

In its section describing coverage for remediation expenses (Section I.B.), the Policy contained a notice provision requiring Pitzer to provide Indian Harbor with notice of any condition requiring remediation.[2]  In its section describing reporting (Section VII.B.), the Policy contained a consent provision stating that Indian Harbor would not cover any expenses Pitzer incurred for remediation without first obtaining Indian Harbor's consent.[3]  The consent provision included an exception for emergencies, but required Pitzer to notify Indian Harbor "immediately thereafter" it incurred any emergency expenses.

Pitzer did not inform Indian Harbor of the remediation until July 11, 2011, approximately three months after it completed remediation and six months after it discovered the darkened soils.  Nor did Pitzer obtain Indian Harbor's consent before commencing remediation or paying remediation costs.  On August 10, 2011, Indian Harbor acknowledged receipt of Pitzer's notice of remediation.  On March 16, 2012, Indian

---

[2] The provision states that Indian Harbor would cover Pitzer's remediation expenses "provided that the INSURED reports such CLAIM . . . to the company, in writing, during the POLICY PERIOD."

[3] The provision states: "No costs, charges or expenses shall be incurred, nor payments made, obligations assumed or remediation commenced without the Company's written consent which shall not be unreasonably withheld.  This provision does not apply to costs incurred by the INSURED on an emergency basis, where any delay on the part of the INSURED would cause injury to persons or damage to property, or increase significantly the cost of responding to any POLLUTION CONDITION.  If such emergency occurs, the INSURED shall notify the Company immediately thereafter."

Harbor denied coverage on the basis of Pitzer's late notice and its failure to obtain Indian Harbor's consent.

Pitzer sued Indian Harbor in Los Angeles County Superior Court, alleging that the insurer breached the Policy by failing to indemnify Pitzer for the remediation costs. Indian Harbor removed the case to federal court on the basis of diversity jurisdiction and moved for summary judgment.

The district court granted Indian Harbor summary judgment. The district court applied New York law, finding that Pitzer failed to establish that the California notice-prejudice rule was a fundamental public policy that overrode the Policy's choice of law provision. The district court determined that summary judgment was warranted because Pitzer failed to notify Indian Harbor. The district court also concluded that summary judgment was separately warranted because Pitzer failed to comply with the Policy's consent provision. The district court further concluded that Pitzer's remediation work did not fall within the emergency exception, but that, even if it did, Pitzer was not entitled to rely on the exception because it failed to "immediately thereafter" notify Indian Harbor of the emergency.

Pitzer timely appealed.

## IV.  Explanation of Certification

Resolution of this appeal turns on whether California's notice-prejudice rule is a fundamental public policy for the purpose of choice-of-law analysis. If the California Supreme Court determines that the notice-prejudice rule is fundamental, the appeal then turns on whether, in a first-party policy like Pitzer's, a consent provision operates as a notice

requirement subject to the notice-prejudice rule. No controlling California precedent answers either question. *See* Cal. R. Ct. 8.548(a). Because the district court determined that "[i]f prejudice is required, [Indian Harbor] would not be able to prevail at summary judgment," these questions are dispositive. Cal. R. Ct. 8.548(a).

These questions involve issues of significant importance to the state. *Kremen v. Cohen*, 325 F.3d 1035, 1037 (9th Cir. 2003). In an amicus brief to the United States Supreme Court, the Council of State Governments emphasized the "integral" policy behind California's notice-prejudice rule. Br. for Council of State Governments, et al. as Amici Curiae Supporting Respondents, *UNUM Life Ins. Co. of Am. v. Ward*, 526 U.S. 358 (1999) (No. 97-1868), 1999 WL 9773, at*3. Moreover, numerous California insurance contracts contain choice-of-law decisions and the resolution of these questions will apply to insureds throughout the state.

The following is a summary of the relevant case law and the parties' arguments with respect to these questions.

Under California common law, the notice-prejudice rule provides that an insurer must show that it was prejudiced by late notice in order for a notice clause in the policy to bar coverage. *Clemmer v. Hartford Ins. Co.*, 587 P.2d 1098, 1106 (Cal. 1978). Under California choice-of-law analysis, the parties' contractual choice of law governs unless it conflicts with a fundamental public policy of California, and California has a greater interest than the chosen state in the determination of the particular issue. *Nedlloyd Lines B.V. v. Super. Ct.*, 834 P.2d 1148, 1151, 1155 (Cal. 1992) (citing Restatement (Second) of Conflict of Laws § 187 (Am. Law

Inst. 1971)).**[4]**   The California Supreme Court has not yet stated whether the notice-prejudice rule is a fundamental public policy.

Pitzer argues that the notice-prejudice rule is a fundamental public policy.**[5]**   California and federal courts have generally recognized the importance of the notice-prejudice rule.  *See, e.g.*, *Ward*, 526 U.S. at 372; *Campbell v. Allstate Ins. Co.*, 384 P.2d 155, 157 (Cal. 1963).  But none have done so in the choice of law context.

Indian Harbor argues that the notice-prejudice rule is not a fundamental public policy of California.   First, citing *Nedlloyd*, Indian Harbor argues that a rule cannot be fundamental public policy unless established by the constitution, a statute, or it is related to a "principle of contractual unconscionability."  834 P.2d at 1153, 1155.  It is unclear whether California law requires that a rule be statutory, constitutional, or related to unconcsionability in order to constitute a fundamental public policy.  *See, e.g*, *Clemmer*, 587 P.2d at 1106; Restatement (Second) of Conflicts of Law § 187 cmt. g.

Indian Harbor also argues that the notice-prejudice rule cannot be fundamental because California law recognizes

---

**[4]** The parties agree that California has a materially greater interest in the determination of this issue.

**[5]** Pitzer emphasized that applying New York Law would be particularly unfair because under New York law, the notice-prejudice rule applies to policies "issued or delivered" inside of the state, but not those "issued or delivered" outside of the state, such as the Policy at issue in this case. *See* N.Y. Ins. Law § 3420(a)(5).  There is no dispute that under New York law the notice-prejudice rule would not apply to the Policy.

exceptions for claims-made policies, time-limited reporting policies, policies with statutes of limitations, and policies with consent provisions. *See Burns v. Int'l Ins. Co.*, 929 F.2d 1422, 1425 (9th Cir. 1991) (explaining that California's notice-prejudice rule does not apply to claims-made policies which "reduce[] the potential exposure of the insurer and [are] therefore less expensive to the insured"); *Venoco, Inc. v. Gulf Underwriters Ins. Co.*, 96 Cal. Rptr. 3d 409, 417 (Ct. App. 2009) (explaining that the notice-prejudice rule does not apply to time-limited reporting requirements because the rule "would expose [the insurer] to a risk broader than the risk expressly insured against in the policy" (emphasis omitted)); *State Farm Fire & Cas. Co. v. Super. Ct.*, 258 Cal. Rptr. 413, 418 (Ct. App. 1989) (explaining the purposes behind statutes of limitations); *Insua v. Scottsdale Ins. Co.*, 129 Cal. Rptr. 2d 138, 141 (Ct. App. 2002) (explaining that the notice-prejudice rule does not apply to consent provisions as their purpose is to provide the insurer the opportunity to control expenses).

With respect to the consent provision, Pitzer argues that its remediation fell under the emergency exception because it operated on a tight schedule and had a time-limited opportunity to utilize the only available TTU machine. Pitzer also argues that the consent provision should be interpreted as a notice provision because the Policy covers first-party claims. *See Howard v. Am. Nat'l Fire Ins. Co.*, 115 Cal. Rptr. 3d 42, 70 (Ct. App. 2010) (explaining that first-party policies "obligate the insurer to pay damages claimed by the insured itself," while third-party policies "obligate the insurer to defend, settle, and pay damages claimed by a third party against the insured").

According to Indian Harbor, Pitzer's actions did not fall under the emergency exception to the consent provision, and

even if they did, Pitzer failed to "immediately" notify the insurer of any emergency. In *Jamestown Builders, Inc. v. General Star Indemnity Co.*, the California Court of Appeal held that the notice-prejudice rule does not apply to consent provisions. 91 Cal. Rptr. 2d 514, 519 (Ct. App. 1999). The *Jamestown* court, however, did not consider whether a consent provision in a first-party policy is analogous to a notice provision in a third-party policy, and therefore subject to the notice-prejudice rule.

Finally, Indian Harbor argues that the consent provision should not be interpreted as a notice provision because such an interpretation would render the provision redundant in violation of contract interpretation principles.

## V. Accompanying Materials

The clerk of this court is hereby directed to file in the California Supreme Court, under official seal of the United States Court of Appeals for the Ninth Circuit, copies of all relevant briefs and excerpts of record, and an original and ten copies of this order and request for certification, along with a certification of service on the parties, pursuant to California Rule of Court 8.548(c) and (d).

This case is withdrawn from submission. Further proceedings before us are stayed pending final action by the California Supreme Court. The panel will resume control and jurisdiction of this case upon receiving a decision from the California Supreme Court or upon that court's decision to decline to answer the certified question.

**IT IS SO ORDERED.**