**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMANDA FRLEKIN; TAYLOR KALIN; AARON GREGOROFF; SETH DOWLING; DEBRA SPEICHER, on behalf of themselves and all others similarly situated, *Plaintiffs-Appellants*, | No. 15-17382 |
| | D.C. Nos. 3:13-cv-03451-WHA 3:13-cv-03775-WHA 3:13-cv-04727-WHA |
| v. | |
| APPLE, INC., a California corporation, *Defendant-Appellee*. | ORDER CERTIFYING A QUESTION TO THE SUPREME COURT OF CALIFORNIA |

Filed August 16, 2017

Before: Susan P. Graber and Michelle T. Friedland, Circuit Judges, and Consuelo B. Marshall,* District Judge.

---

* The Honorable Consuelo B. Marshall, United States District Judge for the Central District of California, sitting by designation.

## SUMMARY**

### Certification of Question to Supreme Court of California

The panel certified the following question of state law to the Supreme Court of California:

> Is time spent on the employer's premises waiting for, and undergoing, required exit searches of packages or bags voluntarily brought to work purely for personal convenience by employees compensable as "hours worked" within the meaning of California Industrial Welfare Commission Wage Order No. 7?

## ORDER

We respectfully ask the Supreme Court of California to exercise its discretion to decide the certified question set forth in Part II of this Order. *See* Cal. R. Ct. 8.548. The answer to this question of California law would be dispositive of the appeal before us, and no clear controlling California precedent exists. *Id.* Moreover, because the question that we certify is of extreme importance to numerous employees and employers in California, considerations of comity and federalism suggest that the court of last resort in California, rather than our court, should

---

** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

have the opportunity to answer the question in the first instance. *See Kilby v. CVS Pharmacy, Inc.*, 739 F.3d 1192, 1196–97 (9th Cir. 2013) (order); *Klein v. United States*, 537 F.3d 1027, 1028 (9th Cir. 2008) (order).

## I. Administrative Information

We provide the following information in accordance with California Rule of Court 8.548(b)(1):

The caption for this case is:

AMANDA FRLEKIN, TAYLOR KALIN; AARON GREGOROFF; SETH DOWLING; DEBRA SPEICHER, on behalf of themselves and all others similarly situated,

        Plaintiffs-Appellants,

v.

APPLE, INC.,

        Defendant-Appellee,

and the case number in our court is 15-17382.

The names and addresses of counsel are:

*For Plaintiffs - Appellants Amanda Frlekin, et al.*: Kimberly A. Kralowec, Kathleen S. Rogers, and Chad A. Saunders, The Kralowec Law Group, 44 Montgomery Street, Suite 1210, San Francisco, California; Lee S. Shalov, Brett R. Gallaway, and Wade C. Wilkinson, McLaughlin & Stern LLP, 260 Madison Avenue, 18th Floor, New York, New York; Peter R. Dion-Kindem, Peter R. Dion-Kindem, P.C., 21550 Oxnard Street, Woodland Hills, California; and

Jeff Holmes, 3311 E. Pico Boulevard, Los Angeles, California.

*For Defendant - Appellee Apple, Inc.*: Richard H. Rahm, Littler Mendelson, P.C., 333 Bush Street, 34th Floor, San Francisco, California; Julie A. Dunne, Littler Mendelson, P.C., 501 W. Broadway, Suite 900, San Diego, California; Todd K. Boyer, Littler Mendelson, P.C., 50 W. San Fernando Street, 15th Floor, San Jose, California; Michael G. Leggieri, Littler Mendelson, P.C., 1255 Treat Boulevard, Suite 600, Walnut Creek, California, Theodore J. Boutrous, Jr., Gibson, Dunn & Crutcher LLP, 333 South Grand Avenue, Los Angeles, California; and Joshua L. Lipshutz, Gibson, Dunn & Crutcher LLP, 555 Mission Street, San Francisco, California.

*For Amicus Curiae – California Employment Lawyers Association*: Michael D. Singer, Cohelan Khoury & Singer, 605 "C" Street, Suite 200, San Diego, California.

As required by Rule 8.548(b)(1), we designate Amanda Frlekin, Taylor Kalin, Aaron Gregoroff, Seth Dowling, and Debra Speicher as the petitioners, if our request for certification is granted. They are the appellants before our court.

## II. Certified Question

We certify to the California Supreme Court the following question of state law that is now before us:

> Is time spent on the employer's premises waiting for, and undergoing, required exit searches of packages or bags voluntarily brought to work purely for personal convenience by employees compensable as

"hours worked" within the meaning of California Industrial Welfare Commission Wage Order No. 7?

Our phrasing of the question should not restrict the California Supreme Court's consideration of the issues involved; that court may reformulate the questions. Cal. R. Ct. 8.548(f)(5).

We agree to accept and to follow the decision of the California Supreme Court. Cal. R. Ct. 8.548(b)(2); *see also Klein*, 537 F.3d at 1029 (holding, with respect to a certified question, that the Ninth Circuit is bound by the California Supreme Court's interpretation of California law).

### III. Statement of Facts

Amanda Frlekin, Taylor Kalin, Aaron Gregoroff, Seth Dowling, and Debra Speicher ("Plaintiffs") brought this wage-and-hour class action on behalf of current and former non-exempt employees who have worked in Defendant Apple, Inc.'s retail stores in California since July 25, 2009. Plaintiffs seek compensation for time spent waiting for and undergoing exit searches pursuant to Defendant's "Employee Package and Bag Searches" policy (the "Policy"), which states:

**Employee Package and Bag Searches**

All personal packages and bags must be checked by a manager or security before leaving the store.

**General Overview**

All employees, including managers and Market Support employees, are subject to personal package and bag searches. Personal technology must be verified against your Personal Technology Card (see section in this document) during all bag searches.

Failure to comply with this policy may lead to disciplinary action, up to and including termination.

**Do**

- Find a manager or member of the security team (where applicable) to search your bags and packages before leaving the store.

**Do Not**

- Do not leave the store prior to having your personal package or back [sic] searched by a member of management or the security team (where applicable).

- Do not have personal packages shipped to the store. In the event that a personal package is in the store, for any reason, a member of management or security (where applicable) must search that package prior to it leaving the store premises.

Employees receive no compensation for the time spent waiting for and undergoing exit searches, because they must clock out before undergoing a search.  Employees who fail to comply with the Policy are subject to disciplinary action, up to and including termination.

On July 16, 2015, the district court certified a class defined as "all Apple California non-exempt employees who were subject to the bag-search policy from July 25, 2009, to the present."  Because of concerns that individual issues regarding the different reasons why employees brought bags to work, "ranging from personal convenience to necessity," would predominate in a class-wide adjudication, the district court (with Plaintiffs' consent) made clear in its certification order that "bag searches" would "be adjudicated as compensable or not based on the most common scenario, that is, an employee who voluntarily brought a bag to work purely for personal convenience."

On November 7, 2015, the district court granted Defendant's motion for summary judgment and denied Plaintiffs' motion for summary judgment.  The district court ruled that time spent by class members waiting for and undergoing exit searches pursuant to the Policy is not compensable as "hours worked" under California law because such time was neither "subject to the control" of the employer nor time during which class members were "suffered or permitted to work."  Plaintiffs timely appealed.

## IV. Explanation of Certification

California law provides no clear answer to the certified question.  Employees who bring a bag or package to work may not leave the premises before undergoing a search.  An employee must find a manager, wait for the manager to search his or her belongings, and wait for the manager to

verify that any Apple products belong to the employee. That time is not compensable under federal law. *Integrity Staffing Sols., Inc. v. Busk*, 135 S. Ct. 513 (2014). But the California Supreme Court has held that state law "provide[s] greater protection to workers" than the federal scheme and that "the federal statutory scheme, which differs substantially from the state scheme, should be given no deference" when interpreting California's wage and hour laws. *Morillion v. Royal Packing Co.*, 995 P.2d 139, 147, 151 (Cal. 2000) (internal quotation marks omitted).

California Industrial Welfare Commission Wage Order No. 7 provides: "Every employer shall pay to each employee . . . not less than the applicable minimum wage for all hours worked in the payroll period . . . ." Cal. Code Regs. tit. 8, § 11070(4)(B). The Wage Order further provides: "'Hours worked' means the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so." *Id.* § 11070(2)(G). The California Supreme Court has held that the two parts of the definition— "time during which an employee is subject to the control of an employer" and "time the employee is suffered or permitted to work, whether or not required to do so"— independently define whether time spent is compensable as "hours worked." *Morillion*, 995 P.2d at 143–47.[1] Moreover, "in light of the remedial nature of the legislative enactments authorizing the regulation of wages, hours and working conditions for the protection and benefit of employees, the

---

[1] *Morillion* concerned a different Wage Order, but that difference is immaterial because the definition of "hours worked" in Wage Order No. 7 is identical to the definition of "hours worked" that was at issue in *Morillion*. *See* 995 P.2d at 142 (noting that 13 of California's 15 Wage Orders "contain the same definition of 'hours worked'").

statutory provisions are to be liberally construed with an eye to promoting such protection." *Id.* at 150 (internal quotation marks omitted).

As Defendant concedes, employees who bring a bag or package to work and therefore must follow the search procedures are clearly under the "control" of the employer while awaiting, and during, the search. Under threat of sanctions and loss of employment, the employees may not leave the premises until the search is conducted. Under a strictly textual analysis, then, Plaintiffs are entitled to compensation for the time spent undergoing the search because they are "subject to the control of an employer." Cal. Code Regs., tit. 8, § 11070(2)(G).

Defendant nevertheless contends that "control" during the search is insufficient to constitute "hours worked." According to Defendant, the search also must be "required." Because the employees may avoid a search by declining to bring a bag or package to work, the search is not "required." Thus, Defendant contends, Plaintiffs' claim necessarily fails.

Defendant's argument finds strong support in the California Supreme Court's decision in *Morillion*. *Morillion* addressed "whether an employer that requires its employees to travel to a work site on its buses must compensate the employees for their time spent traveling on those buses." 995 P.2d at 140. The court held that the employee-plaintiffs were entitled to compensation from the employer, Royal Packing Company ("Royal"). *Id.* at 152. The court reasoned:

> [P]laintiffs' compulsory travel time, which includes the time they spent waiting for Royal's buses to begin transporting them, was compensable. Royal required plaintiffs

> to meet at the departure points at a certain time to ride its buses to work, and it prohibited them from using their own cars, subjecting them to verbal warnings and lost wages if they did so. By directing and commanding plaintiffs to travel between the designated departure points and the fields on its buses, Royal controlled them within the meaning of "hours worked" under subdivision 2(G).

*Id.* at 147 (internal quotation marks and brackets omitted).

*Morillion* made clear that the mandatory nature of the bus ride was a dispositive fact and that, had the bus ride not been mandatory, the time would not have been compensable. For example, *Morillion* summarized its holding as follows:

> As we have emphasized throughout, Royal *required* plaintiffs to ride its buses to get to and from the fields, subjecting them to its control for purposes of the "hours worked" definition. However, employers may provide optional free transportation to employees without having to pay them for their travel time, as long as employers do not require employees to use this transportation.

*Id.* at 152; *see also id.* at 148 n.5 (distinguishing *Vega v. Gasper*, 36 F.3d 417 (5th Cir. 1994), by holding that "the fact that the *Vega* employees were free to choose—rather than required—to ride their employer's buses to and from work" was "a dispositive, distinguishing fact"). The California Court of Appeal has applied that principle:

> In [*Morillion*], the California Supreme Court held that employees must be compensated for travel time when their employer *requires* them to travel to a work site on employer-provided buses. . . . As it is undisputed that Disney employees were not *required* to drive to work and take the shuttle, we conclude this case falls outside the mandate of *Morillion*.

*Overton v. Walt Disney Co.*, 38 Cal. Rptr. 3d 693, 694 (Ct. App. 2006); *see also id.* at 699 (holding that "the key factor is whether Disney *required* its employees who were assigned parking in the [remote] lot to park there and take the shuttle" rather than reaching the park entrance by other means of their choosing).

Applying *Morillion*, the searches here are voluntary in the antecedent sense that employees may choose not to bring a bag or package to work. Accordingly, the time spent undergoing the search is not compensable.

But we are uncertain whether *Morillion* applies in that straightforward manner. First, unlike *Morillion*, *Overton*, and other cases, this case does not involve a question about time spent traveling *to* a work site. Instead, this case involves an *on-site* search during which the employee must remain on the employer's premises. That difference may matter.

Much of *Morillion*'s analysis of the relevant legal sources concerned travel time specifically. In the context of travel to a work site, an employer's interest typically is limited to the employee's timely arrival. It is irrelevant to the employer how an employee arrives, so long as the employee arrives on time. So it makes little sense to require

the employer to pay for travel time unless, as discussed at length in *Morillion*, the employer *requires* the employee to use the employer-provided transportation. For voluntary bus rides, the employer is not exercising "control" over the employee.

That analysis may not apply in the same manner to on-site searches because both the level of control and the employer's business interest are greater. Once an employee has crossed the threshold of a work site where valuable goods are stored, an employer's significant interest in preventing theft arises. The employer's exercise of control over the bag-toting employee—albeit at the employee's option of bringing a bag—advances the employer's interest in loss prevention. For that reason, the mandatory/voluntary distinction applied in *Morillion* may make less sense here. Although the search is voluntary in that the employee could have avoided it by leaving his or her belongings at home, the employer nevertheless exercises control over the employee who does bring a bag or package to work. It is unclear under *Morillion* whether, in the context of on-site time during which an employee's actions and movements are compelled, the antecedent choice of the employee obviates the compensation requirement.

Even if *Morillion*'s rule applies equally to on-site searches, we are uncertain whether Plaintiffs' claim necessarily fails. Whether an activity is "required" is a flexible concept. At one end of the spectrum are highly discretionary actions. For example, in the absence of truly exceptional circumstances, no one would seriously dispute the voluntariness of a search policy that applied only to steamer trunks that an employee brings to work. At the other end of the spectrum are actions that are, practically speaking, required, even though they are nominally voluntary. For

example, a search policy in a cold climate that applied to all jackets would be effectively unavoidable, even if a person theoretically could commute to work without a jacket.

Although we are not aware of a California appellate decision on point, federal courts have recognized this spectrum. In *Alcantar v. Hobart Service*, 800 F.3d 1047, 1055 (9th Cir. 2015), for example, we held that only "genuine" choices—and not "illusory" choices—avoid compensation liability under California's Wage Orders. We held that the plaintiff could prevail at trial by proving that "employees are, as a practical matter, required to commute in [the defendant's] vehicles." *Id.* at 1054–55. Similarly, in *Greer v. Dick's Sporting Goods, Inc.*, No. 2:15-cv-01063-KJM-CKD, 2017 WL 1354568, at *8 (E.D. Cal. Apr. 13, 2017) (order), a federal district court granted class certification in a case involving a search policy that "pertained to 'jacket[s], bags, and other personal belonging[s],' and therefore applied to a greater proportion, if not the entire, putative class." (First alteration added.)

The policy at issue here falls somewhere between the two ends of the spectrum. The case at issue involves only those employees who voluntarily brought bags to work purely for personal convenience. It is thus certainly feasible for a person to avoid the search by leaving bags at home. But, as a practical matter, many persons routinely carry bags, purses, and satchels to work, for all sorts of reasons. Although not "required" in a strict, formal sense, many employees may feel that they have little true choice when it comes to the search policy, especially given that the policy applies day in and day out. Because we have little guidance on determining where to draw the line between purely voluntary actions and strictly mandatory actions, we are uncertain on which side of the line Plaintiffs' claim falls.

The consequences of any interpretation of the Wage Order will have significant legal, economic, and practical consequences for employers and employees throughout the state of California, and it will govern the outcome of many disputes in both state and federal courts in the Ninth Circuit. Many cases, in addition to this case, have raised the issue of the applicability of California Wage Orders to a variety of employment security checks. *See, e.g.*, *Greer*, 2017 WL 1354568; *Roberts v. Marshalls of CA, LLC*, No. 13-cv-04731-MEJ, 2017 WL 1152967 (N.D. Cal. Mar. 28, 2017) (order); *Scott-George v. PVH Corp.*, No. 2:13-cv-0441-TLN-AC, 2016 WL 3959999 (E.D. Cal. July 22, 2016) (order); *Moore v. Ulta Salon, Cosmetics & Fragrance, Inc.*, 311 F.R.D. 590 (C.D. Cal. 2015) (order); *Ogiamien v. Nordstrom, Inc.*, No. 2:13-cv-05639-ODW-JCG, 2015 WL 773939 (C.D. Cal. Feb. 24, 2015) (order); *Quinlan v. Macy's Corp. Servs., Inc.*, No. 12-00737-DDP, 2013 U.S. Dist. LEXIS 164724 (C.D. Cal. Aug. 22, 2013) (order); *Otsuka v. Polo Ralph Lauren Corp.*, No. C 07-02780 SI, 2010 WL 366653 (N.D. Cal. Jan. 25, 2010) (order); *Cervantez v. Celestica Corp.*, 618 F. Supp. 2d 1208 (C.D. Cal. 2009) (order); *Bibo v. Fed. Express, Inc.*, No. C 07-2505 TEH, 2009 WL 1068880 (N.D. Cal. Apr. 21, 2009) (order); *Kurihara v. Best Buy Co.*, No. C 06-01884 MHP, 2007 WL 2501698 (N.D. Cal. Aug. 30, 2007) (order).

We therefore submit that this question is worthy of decision by the California Supreme Court. Because the outcome of this case depends on the answer, we also submit that this case presents a suitable vehicle for the California Supreme Court to address the question. Cal. R. Ct. 8.548(a).

## V. Accompanying Materials

The clerk of this court is hereby directed to file in the California Supreme Court, under official seal of the United

States Court of Appeals for the Ninth Circuit, copies of all relevant briefs and excerpts of the record, and an original and ten copies of this order and request for certification, along with a certification of service on the parties, pursuant to California Rule of Court 8.548(c), (d).

This case is withdrawn from submission, and the clerk is directed to administratively close this docket, pending further order from this court. The parties shall notify the clerk of this court within seven days after the California Supreme Court accepts or rejects certification. If an opinion is rendered by that court, the parties shall again notify the clerk of this court within seven days of the issuance of the opinion. The panel retains jurisdiction over further proceedings.

**IT IS SO ORDERED.**