NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 11 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PITZER COLLEGE,

Plaintiff-Appellant,

v.

INDIAN HARBOR INSURANCE
COMPANY,

Defendant-Appellee.

No.   14-56017

D.C. No. 2:13-cv-05863-GW-E

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted October 5, 2016
Submission Withdrawn January 13, 2017
Resubmitted October 10, 2019**
Pasadena, California

Before:  GRABER, PAEZ, and HURWITZ, Circuit Judges.

After Pitzer College  appealed the district court's grant of summary judgment

in favor of Indian Harbor Insurance Company in this insurance coverage dispute, we

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        Judge Graber and Judge Hurwitz were drawn to replace Judge
Pregerson and Judge Noonan.  Judge Graber and Judge Hurwitz have read the
briefs and reviewed the record.

certified two questions to the California Supreme Court: (1) "Is California's common law notice-prejudice rule a fundamental public policy for the purpose of choice-of-law analysis?"; and (2) "If the notice-prejudice rule is a fundamental public policy for the purpose of choice-of-law analysis, can a consent provision in a first-party claim insurance policy be interpreted as a notice provision such that the notice-prejudice rule applies?" *Pitzer Coll. v. Indian Harbor Ins. Co.*, 845 F.3d 993, 994 (9th Cir. 2017). The California Supreme Court accepted certification and issued an opinion concluding that (1) the notice-prejudice rule is a fundamental public policy of California in the insurance context, and (2) "the rule generally applies to consent provisions in the context of first party liability policy coverage and not to consent provisions in third party liability policies." *Pitzer Coll. v. Indian Harbor Ins. Co.*, 447 P.3d 669, 671 (Cal. 2019). The California Supreme Court left undecided "whether the consent provision at issue here contemplates first party or third party coverage." *Id.*

We then received supplemental briefing from the parties addressing the California Supreme Court's opinion. Having considered that briefing, we vacate the judgment of the district court and remand for further proceedings.

1. The district court held that a provision in Indian Harbor's policy requiring the application of New York law applied because Pitzer failed to demonstrate that the California "notice-prejudice" rule was a fundamental state public policy.

2

Because the California Supreme Court has now held to the contrary, it remains to be determined whether California also has a "materially greater interest" than New York in the resolution of the issue. *See Nedlloyd Lines B.V. v. Superior Court*, 834 P.2d 1148, 1151 (Cal. 1992) (quoting Restatement (Second) of Conflict of Laws § 187 (1971)). Because the district court never reached that issue, it should do so in the first instance on remand.

2. If California law governs this dispute, the dispositive choice-of-law question is the one left open by the California Supreme Court – whether the Indian Harbor policy "contemplates first or third party coverage." *Indian Harbor Ins. Co.*, 447 P.3d at 671. Because the district court never addressed this issue, we remand for it do so in the first instance if necessary.

3. Finally, if California law governs and the Indian Harbor policy provides first party coverage, application of the California "notice-prejudice" rule will turn on whether the insurer suffered any prejudice from delayed notice of Pitzer's claim. Again, the district court did not address this issue, and it should do so on remand if necessary.

**VACATED AND REMANDED. Each party will bear its own costs.**